465 So.2d 787 (1985)
Leah Ermert, wife of/and Jared ROBERTSON, Robert L. Hood, Kimberly Morgan, wife of/and Salvador A. Liberto, Natalie Rosas and Cornel Leblanc
v.
The PARISH OF JEFFERSON.
No. 84-CA-350.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
*788 Salvador A. Liberto, in pro. per.
H.A. Vondenstein, Parish Atty., Jefferson, David Colvin, Asst. Parish Atty., Gretna, for appellant, Parish.
Before BOWES, CURRAULT and GAUDIN, JJ.
BOWES, Judge.
The Parish of Jefferson appeals a judgment of the trial court which orders, by virtue of a mandatory injunction, the Parish to reclassify plaintiffs' property to a GO-2 zoning classification.
Plaintiffs had submitted a petition for rezoning in accordance with Jefferson Parish Zoning Ordinance 3813. They are the owners of a number of lots in Landry Subdivision which are presently zone R-1. Plaintiffs petitioned to have these lots, seven in number, rezoned to C-1, the neighborhood commercial classification.
The zoning map shows the following configurations:
*789 Plaintiffs' lots are 13A, 13B, and 24, in Square 2; and 25A, 25B, 24A, and 24B, in Square 3. Directly to the south of square three, there is only C-1 commercial property (fronting Whitney) and R-3 residential property. To the north of Square 2, the property is zoned R-3. With the exception of two isolated lots, the remainder of the property on the map is zone R-1 residential.
*790 The planning department studied their zoning request and recommended the request be denied. It did recommend, however, that the property in question, with the exception of lots 24A and 24B, be reclassified as GO-2 or General Office classification. A public hearing was held on September 14, 1982. At the hearing, the plaintiff-property owners stated that they are unable to sell their property as presently zoned. Evidently there is a sewerage disposal problem in the area, and there are regulations against the use of septic tanks. The landowners on Whitney have to connect their lines across the canal to Terrytown; the cost of doing so is apparently a major deterrent to the single family wishing to build a residence on the property at issue. The owners felt that the land, presently vacant, could be put to use if it were rezoned to some classification other than single family residential.
A number of people spoke at the meeting. Most of the neighboring residents opposed the change. Two petitions, with a total of 72 signatures, were submitted in opposition; one petition with 11 signatures supported the rezoning.
The Parish Council denied reclassification of any kind. Plaintiffs then filed the petition for injunctive relief, the granting of which is the subject of this appeal. J.P.O. 3813(7) states:
REVIEW OF COUNCIL DECISIONS:
Any person or persons or any officer, department, commission, board, district, or any other agency jointly or severally aggrieved by the decision of the Jefferson Parish Council may file writs of certiorari or other appropriate legal proceedings to review said decision to the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson, within a maximum time period of thirty (30) days after the decision of the Council. The actions of the Council in denying a request for amendment, supplement, or change to the regulations, restrictions, zoning district or boundaries shall be subject to review on the grounds of abuse of discretion, unreasonable exercise of police powers, an excessive use of powers granted to the Council, or the denial of the right of due process. The right of judicial review of zoning ordinances enacted by the Council shall not be limited to the foregoing grounds.
The trial judge issued the mandatory injunction without oral or written reasons. We reverse.
According to the statute, the actions of the Council are reviewable on the grounds of abuse of discretion, unreasonable exercise of police power, excessive use of powers, or denial of the right of due process. An examination of the record reveals that none of the stated grounds are present in this case.
The leading case of Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1975) On Rehearing, stated the grounds thusly:
The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function.
. . . . .
Courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. However, the exercise of a police power in zoning cannot be made without substantial relation to the health, safety and general welfare of the public. [Citations omitted].
All ordinances are presumed valid; whoever attacks the constitutionality of an ordinance bears the burden of proving his allegation.
However, rezoning on a piecemeal or spot basis is highly suspect. Generally, property owners may rely upon the previous exercise of police power in zoning, expecting that changes in zoning will only be made so as to affect vested property interests when the change is required to assure the public welfare. A city purporting to act under its police powers cannot create in a large area of *791 property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate classification. (Four States citation omitted).
Since no other property in the area in question is zoned GO-2, to do so would have been spot zoning on the part of the Council. In such case, the refusal of the Council to make this classification is neither an abuse of discretion nor an excessive use of power.
The report from the planning department, submitted into evidence, discloses that the previous history of the vicinity includes several zoning changes. On only one occasion, the Council reclassified two lots from R-1 Single Family Residential and R-3 Multi-Family Residential to C-1 Neighborhood Commercial. On another occasion, two lots were reclassified from single family to multi-family residential. All other requests to rezone property as commercial were denied. The report concluded that approval of plaintiffs' petition (for C-1 Neighborhood Commercial) would serve only to disrupt the existing zoning pattern since commercially zoned property would be interspersed in between property zoned for residential development, presumably the R-3 zoning prevelant in the area. The Planning Department felt that there was adequate vacant commercial zoning to serve the area's needs and that the original petition did not represent a logical extension to an existing commercial zoning district. The department then made its recommendation as to GO-2 reclassification.
We are able to sympathize with the unfortunate position in which plaintiffs find themselves. However, based on the record, we are unable to characterize the actions of the council as an abuse of discretion. The General Office classification is not a logical extension of the zoning pattern, even if it is more restrictive than the C-1 classification.
Spot zoning is the practice of giving a small parcel of land a different classification from the surrounding area for the benefit of the owners of the small parcel. Trustees Under Will of Annie Pomeroy v. Town of Westlake, 357 So.2d 1299 (La.App. 3rd Cir.1978). In Trustees, a small parcel was classified differently from the neighboring property, for the benefit of the neighbors, to the detriment of the owners of the parcelnone of the neighboring owners resided in a single-family residential zone, yet sought to keep plaintiffs' parcel so zoned. The appellate court in that case properly rendered a writ of mandamus. The facts in this case are obviously and substantially different, insofar as the subject property is zoned exactly as is about half of the remaining property in the area.
An unconstitutional taking of private property does not result merely because the owner is unable to develop it to its maximum economic potential. However, the effect of an ordinance may be so oppressive to a property owner in a given instance that it constitutes a confiscation. Maher v. City of New Orleans, 516 F.2d 1051 (U.S. 5 Cir.1975) cert. den., 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830. Zoning action which deprives an owner of all practical use of his property without expropriation and compensation is unconstitutional. MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 255 N.E.2d 347 (1970). (Trustees, supra at p. 1304).
Here, although there was testimony from plaintiffs that they were unable to sell their property, plaintiffs' own witness, Dudley Downing, an expert in residential sales, stated that while the property was not highly marketable, it was marketable under a zoning classification of single-family residential.
Further, the plaintiffs are free to seek other zoning for their property. Had the petition requested the property in question be rezoned R-3, it appears that such reclassification would be a more logical extension of the present pattern than the one rejected, and would permit plaintiffs a fair practical use of their property.
*792 The test of whether governmental action in a zoning case is arbitrary is whether the action taken is reasonable. The action is arbitrary when it is without reasonable cause or involves an abuse of authority and power. Trustees, supra. On the record before us, we cannot say the Council was arbitrary in refusing the original petition or the recommendation of the planning board. We are further of the opinion that the trial judge was manifestly erroneous in granting a mandatory injunction ordering the Parish to do otherwise.
For the foregoing reasons, the judgment of the trial court is reversed and the writ of mandamus is hereby recalled. Costs of the appeal are taxed to the respective parties.
REVERSED.